UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

MALEEK JONES,

                Petitioner,

    - against -

SUPERINTENDENT PATRICK J. GRIFFIN,

                Respondent.

-----------------------------------X

14 Civ. 961 (RWS)

OPINION

A P P E A R A N C E S:

PRO SE

MALEEK JONES
08A0728
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733

ATTORNEYS FOR RESPONDENT

NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
120 Broadway
New York, NY 10271
By: Lisa E. Fleischmann, Esq.

**Sweet, D.J.**

Petitioner Maleek Jones ("Petitioner" or "Jones") has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the evidence presented at his trial was legally insufficient to support conviction, or alternatively, the verdict was against the weight of the evidence. For the reasons set forth below, the petition is denied.

## I.   Prior Proceedings

Petitioner's state custody arises from a judgment of conviction entered on April 12, 2005, in New York State Supreme Court, New York County following a jury trial of Criminal Possession of a Controlled Substance in the First Degree (New York Penal Law "Penal Law" § 220.21[1]. The court sentenced petitioner, as a second felony drug offender with a prior violent felony conviction, to a determinate prison term of 25 years, to be followed by 5 years of post-release supervision. Jones is currently incarcerated pursuant to that conviction.

On November 8, 2012, the Appellate Division, First Department, unanimously affirmed petitioner's conviction, and on January 31, 2013, the New York Court of Appeals denied leave.

2

People v. Jones, 100 A.F.3d 429 (1st Dep't 2012), lv. denied, 20
N.Y.3d 1012 (2013).

On January 21, 2014, Petitioner filed this petition for a
writ of habeas corpus.  The petition was heard on submission and
marked fully submitted on October 21, 2015.

**II.  Facts**

Petitioner's underlying conviction arises out of a traffic
stop on July 29, 2004 in New York County, where a cylindrical
package of cocaine was recovered.

**a. The Trial**

On July 29, 2004, Officers Peter Marsalisi ("Marsalisi")
and Wilbert Rodriguez ("Rodriguez") pulled over a vehicle with
four passengers for making an illegal turn on 133rd Street.
Resp'ts Mem. of Law Opp. Pet. at 3 ("Resp'ts Opp."); Pet'rs
Brief at 4.  Marsalisi approached the passenger side of the car
while Rodriguez approached the driver side.  Id.  Marsalisi
opened the passenger door and detected the smell of marijuana.
Id.  Marsalisi asked Jones, a passenger, to provide
identification, and when Jones could not, to exit the vehicle.

3

Pet'rs Brief at 5; Resp'ts Opp. at 3. Rodriguez frisked the driver, finding no weapons, and allowed him to get back in to the car. Id. Rodriguez called for backup while Marsalisi frisked Jones, feeling a cylindrically-shaped object "about the size of a [like] a hero sandwich" in the crotch of Jones' shorts. Id. As Jones was being frisked, Officers Liz Vargas ("Vargas") and John Park ("Park") appeared on the scene. Pet'rs Brief at 6-7; Resp'ts Opp. at 3. Jones asked Marsalisi to "let me show you what I have," which Marsalisi declined, telling Jones to keep his hands on the car. Pet'rs Brief at 6; Resp'ts Opp. at 3. Jones then turned around to face Marsalis and began to wrestle with the officer. Id. Much happened in the chaos.

First, in the tussle and twist, Jones' shirt ripped off before he fled down 133rd Street. Id. Marsalisi and Rodriguez pursued, losing Jones for the moment. Id. During the physical encounter between Jones and Marsalisi, Brandon Washington also exited the car and fled East on 133rd Street. Pet'rs Brief at 8; Resp'ts Opp. at 4. Park pursued Washington, recovered a bag of marijuana that Washington tossed in flight and arrested Washington. Id. At around this same time, Officer Thomas Hook arrived near the scene to find Jones hiding (shirtless) between a truck and a wall on 12th Avenue near 133rd Street, and arrested him. Id. Officers Maria Diazmontez ("Diazmontez") and

4

Lieutenant Eric Martin ("Martin") arrived as Jones and Washington were fleeing, and after both had been apprehended, returned to their vehicle at 133rd and 12th, where a bystander pointed out a large, cylindrical package lying on the ground approximately one to three feet from Jones' torn shirt. Pet'rs Brief at 9; Resp'ts Opp. at 4. The package, consistent with what Marsalisi reportedly felt while frisking petitioner, was filled with cocaine. Pet'rs Brief at 9-10; Resp'ts Opp. at 4-5.

At trial, Officers Marsalisi, Rodriguez, Park, Martin, Hook, and Diazmontez testified to the foregoing events. Resp'ts Brief 2-5. Marsalisi testified to frisking Jones, feeling a cylindrically-shaped object in Jones' shorts, and then the subsequent physical struggle. Id. at 3. Marsalisi, Diazmontez, and Martin testified that a cylindrical package was recovered one to three feet from the torn shirt. Pet'rs Brief at 4. Marsalisi testified the recovered package was consistent with what he had felt in Jones' shorts. Resp'ts Brief at 9; Pet'rs Brief at 4-5. Jones himself identified the shirt as his own when he requested something to wear in his holding cell. Resp'ts Brief at 4; see also Pet'rs Brief at 9-10. A police lab chemist testified to testing the contents of the cylindrical package, and that the test showed the package contained

5

approximately 14 7/8 ounces of cocaine.  Id.  Resp'ts Brief at
10; Pet'rs Brief at 4-5.  Jones presented no witnesses.

The jury deliberated two days, making several evidence
requests, and warning of an 11-1 deadlock.  Pet'rs Brief at 10.
On March 25, 2005, a jury convicted Jones of first-degree drug
possession, and acquitted him of third-degree drug possession.
On April 12, 2005, Jones was sentenced to a 25 year prison term,
followed by five years' supervised release.

### b. Subsequent Appeals

In February 2012,[1] Petitioner, by counsel, filed a brief
with the Supreme Court, Appellate Division, First Department
arguing that the evidence against him was legally insufficient
to reach conviction, and in the alternative, that the verdict
was against the weight of the evidence.  See Pet'rs Brief.  In a
decision dated November 8, 2012, the Appellate Division
unanimously affirmed Petitioner's conviction.  People v. Jones,
100 A.D.3d 429 (1st Dep't 2012).  The court held as follows:

> Defendant's legal sufficiency claim is unpreserved and we
> decline to review it in the interest of justice.  As an
> alternative holding, we find that the verdict was based on

---

[1] The Brief in the State Court record is not specifically dated.

6

legally sufficient evidence. We also find that the verdict
was not against the weight of the evidence (*see People v.
Danielson*, 9 NY3d 342, 248-249 [2007]). There is no basis
for disturbing the jury's credibility determinations. The
evidence supports the conclusion that defendant was the
source of a package of cocaine that the police found in the
vicinity of defendant's struggle with an officer.

Id.

In a letter dated November 23, 2012, Petitioner, by counsel,
sought leave to appeal the Appellate Division's decision.
Petitioner sought review of all the issues raised in his Appellate
Division brief, including the state and federal claims. Ans. Ex.
1, State Record ("SR") at 050-51. The District Attorney opposed
the request. SR at 052-54. In an Order dated January 31, 2013,
the New York Court of Appeals denied Petitioner's application.
People v. Jones, 20 N.Y.3d 1012 (2013); SR 055.

### c. The Instant Petition

Petitioner now seeks federal habeas corpus relief, raising the
same claims as those below: that the evidence against him was
legally insufficient, and in the alternative that the verdict
was against the weight of the evidence. Pet. at 2.

### III. Standard of Review

7

Section 2254 of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a federal remedy for state prisoners if their continued custody is in violation of federal law. Pub.L. No. 104-132, 100 Stat. 1214, codified at 28 U.S.C § 2254(a); see Chandler v. Florida, 449 U.S. 560, 571, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981). ("This Court has no supervisory authority over state courts, and, in reviewing a state court judgment, we are confined to evaluating it in relation to the Federal Constitution."). Errors of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Petitioners bear the burden of proving violations of federal law by a preponderance of the evidence. See Jones v. Vacco, 126 F.3d 408, 415 (2d Cir.1997).

Thus, under the AEDPA, federal habeas courts must presume the state court's factual findings are correct and may overturn those findings only if the Petitioner offers evidence of their incorrectness. 28 U.S.C. § 2254(e). A state court's adjudication may be overturned only if it either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

8

established Federal law, as determined by the Supreme Court
of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

8 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S.
362, 375-76, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

With respect to the "contrary to" clause, the writ may
issue in two circumstances: first, if the state court decision
"applies a rule that contradicts the governing [Supreme Court]
law"; and second, if the state court decision addresses a set of
facts "materially indistinguishable" from a relevant Supreme
Court case and arrives at a result different to that reached by
the Court. Lockyer v. Andrade, 538 U.S. 63, 73, 123 S.Ct. 1166,
155 L.Ed.2d 144 (2003), (quoting Williams, 529 U.S. at 405-06).
The "clearly established Federal law" refers to Supreme Court
holdings, as opposed to the dicta, as of the time of the
relevant state court decision. See Williams, 529 U.S. at 412.
A state court decision involves an "unreasonable application" of
Supreme Court precedent when the state court either "identifies
the correct governing legal rule" from the Supreme Court's cases
but "unreasonably applies it to the facts" of the case, or
"unreasonably extends a legal principle from [the Court's]

9

precedent to a new context where it should not apply or
unreasonably refuses to extend that principle to a new context
where it should apply." Id. at 407.

Under the "unreasonable application" clause, "a federal
habeas court may not issue the writ simply because that court
concludes in its independent judgment that the state-court
decision applied clearly established federal law erroneously or
incorrectly." Id. at 411. "Rather, it is the habeas
applicant's burden to show that the state court applied [Supreme
Court precedent] to the facts of his case in an objectively
unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25,
123 S.Ct. 357, 154 L.Ed.2d 279 (2002). Any determination of a
factual issue made by a state court must be presumed correct
unless the petitioner can show by clear and convincing evidence
that such presumption should not apply. See 28 U.S.C. §
2254(e)(1).

In addition, the Supreme Court's jurisprudence on the
"unreasonable application" clause of § 2254(d)(1) makes "clear
that whether a state court's decision was unreasonable must be
in light of the record the court had before it." Holland v.
Jackson, 542 U.S. 649, 652, 124 S.Ct. 2736, 159 L.Ed.2d 683
(2004). In Cullen v. Pinholster, the Court recently emphasized

10

that, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas Petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." 563 U.S. 170, 184, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011).

## IV. Petitioner's Legal Sufficiency Claim is Barred by an Adequate and Independent State Ground

Federal habeas relief is barred where a state court rests its judgment on an "independent and adequate state ground." See Lambrix v. Singletary, 520 U.S. 518, 522 (1997); Coleman v.. Thompson, 501 U.S. 722, 729 (1991); Harris v. Reed, 489 U.S. 255, 261-62; Jones v. Vasco, 126 F.3d 408, 414 (2d Cir.1997). A state procedural default qualifies as an adequate and independent state ground where "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995). See also Vasco, 126 F.3d at 414; Rollins v. Leonardo, 938 F.2d 380, 381 (2d Cir.1991), cert. denied, 502 U.S. 1062 (1992). The procedural default will therefore bar federal habeas review "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider

11

the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotations omitted). Where the last "reasoned" opinion on the claim explicitly imposes the procedural bar, it will be presumed that later unexplained orders upholding that opinion or rejecting that same claim did not silently disregard that bar and consider the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The Appellate Division held: "Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice." Jones, 100 A.D.3d 429. The Appellate Division holding that the claim was procedurally barred, absent a showing of cause for and prejudice resulting from the failure to raise the claim, is alone sufficient to bar this Court's review. Petitioner has claimed no cause or prejudice whatsoever, and cites only his original brief to the Appellate Division as grounds for the instant petition. Petitioner has at no point claimed innocence much less shown a fundamental miscarriage of justice as a result, disqualifying him from using the procedural bar's only safety valve. Tavarez v. New York, 2008 WL 2775810, at *3 (S.D.N.Y. July 14, 2008); see Dretke v. Haley, 541 U.S. 386, 394, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004).

There being an adequate and independent state ground for
the Appellate Division's decision, and petitioner having shown
cause for or prejudice resulting from his failure to preserve
the claim and not having even alleged actual innocence, this
Court is barred from providing habeas relief.

## V.    The Appellate Division's Decision Was Not Contrary To or an Unreasonable Application of Federal Law

The Supreme Court has held that a federal court must afford
a petitioner "habeas corpus relief if it is found that upon the
record evidence adduced at the trial no rational trier of fact
could have found proof of guilt beyond a reasonable doubt."
Jackson v. Virginia, 443 U.S. 307, 324 (1979); see Fama v.
Commissioner of Corr. Servs., 235 F.3d 804, 811 (2d Cir.2000).
In determining the sufficiency of the evidence, the court must
view the evidence in the light most favorable to the
prosecution, Jackson, 443 U.S. at 319, and decide whether the
record is "so totally devoid of evidentiary support that a due
process issue is raised." Mapp v. Warden, New York State Corr.
Inst. for Women, 531 F.2d 1167, 1173 n. 8 (2d Cir.1976).

In addition, it is well settled that "the jury is
exclusively responsible for determining a witness' credibility."

Bossett v. Walker, 41 F.3d 825, 830 (2d Cir.1994) (citations omitted); see Maggio v. Fulford, 462 U.S. 111, 113 (1983). It is not the task of a federal court on habeas review to review, *de novo,* the persuasiveness of testimony it has not itself heard, or evidence it has not itself considered in the first instance. See Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Joyner v. Leonardo, No. 99 Civ. 1275, 1999 WL 608774, at *6 (S.D.N.Y. Aug. 12, 1999).

Under New York law, "[a] person is guilty of criminal possession of a controlled substance in the first degree when he or she knowingly and unlawfully possesses . . . one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of eight ounces or more. N.Y. Penal Law § 220.21.

Petitioner's argument amounts to a claim that some doubt may exist that the package of cocaine came from his pants, and therefore the evidence was insufficient to convict him and/or the verdict was against the weight of the evidence. Specifically, in relevant part, Petitioner alleges the following facts amount to a weight sufficient to demand a verdict clearing him of the charges: (1) None of the three officers saw the

package of cocaine drop from Plaintiff's shorts; (2) The package
of cocaine was not discovered until Jones had left the area and
other people had opportunity to place it; (3) Marsalisi
testified to having felt an object in Jones' shorts that, in the
moment, he surmised may have been a gun; and (4) Marsalisi
likely didn't detect anything at all on Jones' person, being
that no one overheard the frisk and Marsalisi did not report his
having felt anything in real-time or while in pursuit of Jones.
Pet'rs Brief 12-13.

Petitioner points, essentially, to some doubt that he
possessed the package[2] (someone else could have dropped the
package, Marsalisi may have never felt the package to begin
with, etc). But a possibility, by its own virtue, does not
constitute a plausibility much less does it meet the rigorous
standard required for federal habeas relief. The record here
contains sufficient evidentiary support for a rational juror to
conclude that Jones possessed the cocaine recovered on the
evening of his arrest. A reasonable jury could have determined
that Marsalisi's testimony was credible, and thus reasonably
inferred that the package recovered came from Jones' pants.
Even if this Court disagreed as to Marsalisi's credibility, the

---

[2] Plaintiff does not argue that the package did not contain a
sufficient amount of cocaine to meet the 8 ounce requirement.

15

jury's determination cannot be disturbed on the grounds of some evidence leaving the possibility of innocence. The beyond a reasonable doubt standard for conviction, amplified by the Supreme Court's holding that federal habeas relief based on sufficiency of the evidence look solely to whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt", does not require a complete lack of doubt as Petitioner's arguments suggest. Jackson, 443 U.S. at 319. The evidence offered was sufficient for conviction and thus for the Appellate Division's holding, and the conviction was therefore necessarily not against the weight of the evidence when viewed in a light most favorable to the prosecution.

For the foregoing reasons, the Appellate Division reasonably and consistently applied federal law in finding "no basis for disturbing the jury's credibility determinations," and that "[t]he evidence supports the conclusion that defendant was the source of a package of cocaine that the police found in the vicinity of defendant's struggle with an officer." See Jones, 100 A.D.3d 429.

16

**VI. Conclusion**

For the reasons stated above, Petitioner's petition for
writ of habeas corpus is denied.

It is so ordered.

**New York, NY
November 23 , 2014**

ROBERT W. SWEET
U.S.D.J.

17